UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Plaintiff,

Case No. 25-cr-20539
Honorable Denise Page Hood

v.

Charles H. Buckles, Jr.,

Defendant.

---

**Application for Entry of Order of Forfeiture**

---

The United States of America, by and through its attorneys, Jerome F. Gorgon, Jr., United States Attorney, and Kelly Fasbinder, Assistant United States Attorney, applies to this Court for entry of an Order of Forfeiture. In support of this Application, the Government states the following:

## I. Background

On September 29, 2025, the United States filed a Superseding Information charging Charles H. Buckles, Jr. ("defendant") with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count One). (ECF No. 18). The Superseding Information contains Forfeiture Allegations seeking forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any property, real or personal, which constitutes or is derived from proceeds traceable to the

offense. The Superseding Information also provided notice that forfeiture may include entry of a forfeiture money judgment against defendant in an amount up to the value of proceeds that he obtained as a result of his violation. (ECF No. 18, PageID.33).

On October 29, 2025, defendant pleaded guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, as charged in the Superseding Information, pursuant to a Rule 11 Plea Agreement (Rule 11). (ECF No. 21).

In his Rule 11, defendant agreed he participated in a conspiracy between May 2020 through October 2021, to defraud the State of Michigan's Unemployment Insurance Agency of more than $650,000. (ECF No. 21, PageID.40). Defendant agreed that he received between approximately $5,000 to $10,000 for his role in the conspiracy. (*Id*. at PageID. 43).

In his Rule 11, defendant agreed, pursuant to U.S.C. § 981(a)(l)(C) together with 28 U.S.C. § 2461(c), to forfeit to the United States his interest in any and all property, real or personal, which constitutes or is derived, directly or indirectly, from proceeds traceable to his participation in the charged scheme. Defendant also agreed to the entry of a forfeiture money judgment against him in favor of the United States in the amount of **$7,500.00**, the amount he agreed that he personally obtained as a result of the offense to which he pleaded guilty. (*Id*. at PageID.51).

Defendant also agreed in the Rule 11 to the entry of one or more orders of

forfeiture incorporating the above-referenced money judgment, at, or any time before, his sentencing in this case, as mandated by Federal Rule of Criminal Procedure 32.2. (*Id*. at PageID. 52).

In his Rule 11, defendant also acknowledged that he spent and dissipated the criminal proceeds that he obtained in connection with his scheme, making these funds unavailable for forfeiture. With that, defendant agreed in his Rule 11 that the forfeiture money judgment may be satisfied, to whatever extent possible, from any other property he owns or which is under his dominion and control. To satisfy the money judgment, Defendant explicitly agreed to the forfeiture of any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2), and waived and relinquished his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise. (*Id*.)

## II. Discussion

### a. Forfeiture is Mandatory

The applicable forfeiture statutes in this case mandate that the Court impose forfeiture as part of defendant's sentence. 28 U.S.C. § 2461(c) (stating "the court **shall** order the forfeiture of the property as part of the sentence") (emphasis added). The Sixth Circuit has also recognized that forfeiture is mandatory. *United States v. Hampton*, 732 F.3d 687, 691 (6th Cir. 2013) cert. denied, 134 S. Ct. 947, 187 L. Ed. 2d 812 (2014) (referencing the statutes use of the verb "shall" and

concluding Congress intended the forfeiture provisions to be mandatory) (citing *United States v. Monsanto*, 491 U.S. 600, 607 (1989)). Further, the Sixth Circuit has authorized the entry of forfeiture money judgments. *Hampton*, 732 F.3d at 692 (joining the consensus view and holding that entry of the forfeiture money judgment was authorized even though the amount of proceeds subject to forfeiture exceeded the value of the defendant's assets at the time of sentencing).

In this case, defendant has pleaded guilty to an offense requiring forfeiture; specifically, conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. Therefore, entry of an Order of Forfeiture is a mandatory part of defendant's sentence. In the Superseding Information, defendant was placed on notice that upon conviction, the United States intended to seek forfeiture of any property, which constitutes or is derived from proceeds traceable to the offense. Further, in the Rule 11 Plea Agreement, defendant agreed to the entry of a forfeiture money judgment against him, in favor of the United States, in the amount of $7,500.00. (ECF No. 21, at PageID.51).

**b. The Forfeiture Amount**

Federal Rule of Criminal Procedure 32.2(b)(1)(A) provides, in relevant part, that:

> As soon as practical after … a plea of guilty … is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. . . . If the government seeks

> a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

Rule 32.2 further provides that "[t]he court's determination may be based on evidence already in the record, including any written plea agreement . . . ." Fed. R. Crim. P. 32.2(b)(1)(B).

The forfeiture statutes at issue also make clear that forfeiture is measured by "[a]ny property, real or personal, which constitutes or is derived from proceeds . . . ." 18 USC § 981(a)(1)(C). In the Rule 11, defendant agreed to facts indicating he obtained or derived at least $7,500.00 from the scheme described in the factual basis and agreed to the entry of a forfeiture money judgment against him, in favor of the United States, in that amount. (ECF No. 21, PageID.40-43, 51).

**c. Entry of the Forfeiture Order**

Rule 32.2 also provides for entry of a preliminary order of forfeiture, stating that,

> If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.

Fed. R. Crim. P. 32.2(b)(2)(A).

Defendant's sentencing is currently scheduled for January 15, 2026, making it appropriate for the Court to enter an Order of Forfeiture at this time. Because the

forfeiture money judgment is not subject to ancillary proceedings, the forfeiture money judgment shall be final and effective at sentencing.

Given that defendant agreed in his Rule 11 to the entry of an Order of Forfeiture, incorporating the forfeiture money judgment, there should be no objection to this Application or to the proposed Order of Forfeiture. Nevertheless, pursuant to Local Rule 7.1, the undersigned government counsel sent defendant's attorney, Colin McLaughlin, a copy of this Application and the proposed Order of Forfeiture via email and asked if counsel had any objection to this Application and/or to the proposed Order of Forfeiture. Mr. McLaughlin indicated that he has no objection.

## III. Conclusion and Relief Requested

Pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 § U.S.C. 2461(c), and Rule 32.2, and based upon the Superseding Information, the Rule 11, this Application, and information contained in the record, the United States respectfully requests that the Court enter the proposed Order of Forfeiture. The government will submit the proposed Order of Forfeiture to the Court via ECF utilities.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

S/Kelly Fasbinder
Kelly Fasbinder (P80109)
Assistant United States Attorney

211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9520
Kelly.Fasbinder@usdoj.gov

Dated: December 19, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2025, the foregoing document was electronically filed with the Clerk of the Court using the ECF system, which will electronically serve all ECF participants.

S/Kelly Fasbinder
Kelly Fasbinder (P80109)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9520
Kelly.Fasbinder@usdoj.gov