IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 25-CR-20539
Hon. Denise Page Hood

vs.

CHARLES BUCKLES, JR.

Defendant.

---

**SENTENCING MEMORANDUM ON BEHALF OF CHARLES BUCKLES, JR.**

PROCEDURAL BACKGROUND

The herein Defendant, Charles Buckles, Jr., pled guilty to Conspiracy to Commit Wire Fraud contrary to 18 U.S.C. §1349. A presentence report was prepared, and objections were timely filed on behalf of the Defendant.

PRESENTENCE INVESTIGATION REPORT

The undersigned, on behalf of the Defendant, has filed an objection to the Presentence Investigation Report. The Defendant, at sentencing, will be requesting this court to address the objection filed on his behalf and will further request that the guideline range be scored to reflect the objection. More specifically, the Defendant is requesting a role adjustment in this matter and strenuously asserts that he was either a minor or a minimal participant.

In all other respects the Defendant relies on his previously submitted objection.

APPLICABLE CASELAW & STATUTES

In *United States v Booker*, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court invalidated the statutory and guideline provisions making application of the guidelines mandatory and declared that the federal courts should apply the sentencing guidelines in an advisory manner. In sentencing a defendant in accordance with *Booker*, the District Court is required to fashion a sentence, in light of the applicable guideline range and all relevant circumstances, including but not limited to the sentencing factors set forth in 18 U.S.C. §3553(a), that is sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). It is error for a District Court to assume that a sentence within the guideline range would be an appropriate sentence. See Nelson v United States, 555 U.S. 350, 129 S.Ct. 890, 172 L.Ed.2d 719 (2009); *United States v Wilms,* 495 F.3d 277 (6tth Cir. 2007).

NATURE AND CIRCUMSTANCE OF THE OFFENSE

The Defendant, who is now 41 years old, was gainfully employed by Stellantis for more than a decade prior to being arrested and charged in the within case. It was alleged that between May of 2020 and October of 2021 the Defendant participated in the charged conspiracy. It should be noted that the timeframe of the conspiracy was during the COVID-19 crisis. During that time many businesses were shuttered and, for those that weren't entirely closed, actual operations were slow to non-existent. Apparently, some unemployment claims languished during the crisis. Mr. Buckles apparently forwarded the names of individuals with unemployment claims to a contact with the Unemployment Office and those claims were prioritized for processing – many of these claims were legitimate. Unfortunately, this process continued and, eventually, some illegitimate claims were processed. Mr. Buckles received a

small "kick-back" for this activity ranging from $50 to $100 per transaction. The government acknowledges the following as it relates to Mr. Buckles: (1) that he was the "least culpable" of the charged individuals; (2) that some of the claims involving Mr. Buckles were legitimate; (3) In total Mr. Buckles received between $5,000 to $10,000 to facilitate both legitimate and illegitimate claims. [The government sought, and the Defendant agreed to, a forfeiture in the amount of $7,500]. The Defendant tendered a plea and now awaits sentencing.

## HISTORY AND CHARACTERISTICS OF THE DEFENDANT

### *UPBRINGING*

Mr. Buckles is a 41-year-old lifelong Detroit resident. According to Mr. Buckles, his upbringing was uneventful and he was from a loving home, although his father was prone to gambling. However, he concedes that he was picked on a lot in High School and generally tried to "stay to himself." He felt out of place and became a "loner" due to his lack of material possessions and "old" clothing. The Defendant has mental health and substance abuse issues. However, he now feels that he is on a good path and on the "right" medication(s) for his mental health issues. He has lived with his mother his entire life and helps her to care for his older brother, who has significant mental health issues. Although Mr. Buckles found himself in serious trouble with the law in high school, he did not incur any misconduct tickets while incarcerated following his conviction. Prior to the within case, Mr. Buckles' last felony contact dates back to 1999 – Uttering and Publishing. Mr. Buckles had been gainfully employed with Stellantis for more than twelve years prior to being arrested in the present case.

*EDUCATION/EMPLOYMENT*

Mr. Buckles was 17 years old when he was arrested on an armed robbery charge – he was sentenced to prison and, thus, was unable to finish high school. He aspires to become skilled in Heating and Cooling so that he is able to earn a living for himself should he be unable to re-secure his position with Stellantis. Mr. Buckles is truly grateful for Stellantis and is disappointed that he let them down. They provided him with a job, stability and the resources to address his mental health and substance abuse challenges. He will be forever grateful to them.

*FAMILY*

Mr. Buckles has a supportive nuclear family. His mother has been a constant source of support, and she has written a letter on his behalf. Mr. Buckles also assists his mother with the care of his older brother, who suffers from a significant mental health issue. Mr. Buckles' father is deceased. Mr. Buckles also has other siblings that he loves and respects.

*EMPLOYMENT*

As reflected in the Presentence Investigation Report, Mr. Buckles was a full-time employee at Stellantis as a machine operator. He was employed for 12 years at the time of his arrest but, unfortunately, he has not been employed at Stellantis since his arrest. Mr. Buckles was a valued employee and was in good standing at the time of his arrest.

*DRUGS/RDAP*

Mr. Buckles has a history of abusing controlled substances – most recently, cocaine. Should this Court elect to incarcerate Mr. Buckles it is respectfully requested that he be ordered to receive counseling and therapy through the Residential Drug Abuse Program

(RDAP). RDAP is an intensive substance use disorder rehabilitation program administered by the United States Federal Bureau of Prisons.

*GUIELINES/ROLE ADJUSTMENT*

The government has previously conceded on the record that Mr. Buckles was the "least culpable" of the conspirators in this case. Mr. Buckles was not an employee of the State of Michigan and actually had no idea of how claims were processed by the unemployment agency. In short, Mr. Buckles would not have known how to process an unemployment claim had he been provided with the passwords to the agency's computer system along with step-by-step directions on how to process a claim. According to the government, Mr. Buckles made between $5,000 and $10,000 for his role. Notably, many of the claims that the Defendant received payment for were legitimate/legal claims. For those claims, Mr. Buckles was essentially paid for helping to have the claims expedited/prioritized. At any rate, the Defendant relies on his previously submitted objections and incorporates them herein as if set forth word for word. In short, the Defendant was a mere functionary, he should at a bare minimum receive a role adjustment to reflect his minor participation.

*DEPARTURE/VARIANCE*

This is a quintessential case for a Variance. Mr. Buckles has well-documented mental health and substance abuse issues and is certainly not a "mastermind" of any kind. His struggles with chemical dependency and mental health issues caused this court to modify his bond such that he has now been incarcerated for several months. He is now healthier and more stable than he has been in a number of years. Mr. Buckles attributes this to his new medication regimen. Mr. Buckles does not need prison. Instead, he would benefit from continued treatment and monitoring in the community.

*SUMMARY*

Mr. Buckles is/was not a full-time/dedicated scammer. To the contrary, he was a hard-working individual who was a contributing and tax-paying member of society for twelve years leading up to his arrest. Despite his mental health issues, Mr. Buckles was dedicated to his mother and shared in caretaking responsibilities for his older brother, who likewise has significant mental health issues. Mr. Buckles was essentially a "functionary" in the within case. His low rate of compensation, compared to the overall loss in this case, reflects this reality. Mr. Buckles has appropriately accepted responsibility for his actions in this case and is devastated that he has brought shame and disappointment to his mother. He also knows that his mother's burden will be increased if he is away because she will not have Mr. Buckles to assist her with her oldest son.

This Court is well aware of the sentencing factors set forth in 18 U.S.C. §3553(a). Given the foregoing, it is clear that any sentence of imprisonment will have devastating consequences to Mr. Buckles' family. Moreover, any sentence of imprisonment will have a negative impact on the community at large. The undersigned believes that the foregoing factors support/warrant a sentence below the advisory guideline range arrived at by U.S. probation. However, we fully respect the fact that this Court will do its best to fashion a sentence that is "sufficient but not greater than necessary."

Respectfully submitted

**/s/ Jeffery A. Taylor**

Jeffery A. Taylor

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 25-CR-20539
Hon. Denise Page Hood

vs.

CHARLES BUCKLES, JR.

Defendant.

_______________________________/

**CERTIFICATE OF SERVICE**

On June 15, 2026 I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

Respectfully Submitted,

**/s/ Jeffery A. Taylor**

Jeffery A. Taylor (P46505)
13335 Fifteen Mile Road #222
Sterling Heights, MI 48312
586.274.4568